JOHN A. KAWAI, SBN 260120
EMAIL: JK@TL4J.COM
TRIAL LAWYERS FOR JUSTICE
877 S. VICTORIA AVE., SUITE 201
VENTURA, CA  93003
TEL: (310) 855-3727
FAX: (310) 855-6359

ATTORNEYS FOR PLAINTIFFS

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| "LILY," SARAH," "SLOANE," "JENNY," and "APRIL,"<br><br>Plaintiffs,<br><br>v.<br><br>MARK ALBERT RETTENMAIER,<br><br>Defendant. | Case No:  8:25-cv-2332<br><br>**COMPLAINT PURSUANT TO 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2)**<br><br>Jury Trial Demanded |

The Plaintiffs, on their own behalf and through their attorney of record, John A. Kawai of Trial Lawyers for Justice, allege for their complaint as follows:

### NATURE OF THE ACTION

1. This is a suit for damages arising out of the Defendant's violations of federal criminal pornography statute 18 U.S.C. §§ 2252A(a)(5)(b) and (b)(2).

2. 18 U.S.C. § 2255(a) allows victims of child pornography crimes to recover liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred.

1

# PARTIES

3. "Jenny" is an adult and resides outside of the Central District of California.

4. "Jenny" is a pseudonym for the victim depicted in the Jenny child pornography series.

5. "Lily" is an adult and resides outside the Central District of California.

6. "Lily" is the pseudonym for the victim depicted in the Vicky child pornography series.

7. "Sarah" is an adult and resides outside the Central District of California.

8. "Sarah" is the pseudonym for the victim depicted in the Marineland1 child pornography series.

9. "Sloane" is an adult and resides outside of the Northern District of California.

10. "Sloane" is a pseudonym for the victim depicted in the Tara child pornography series.

11. "April" is an adult and resides outside the Central District of California.

12. "April" is the pseudonym for the victim depicted in the AprilBlonde child pornography series.

13. Each of the plaintiffs is a person who was sexually abused as a child and whose sexual abuse is depicted in images of child pornography seized from defendant's possession.

14. Mark Albert Rettenmaier [hereinafter "Defendant"] is an adult who, upon information and belief, resides within the Central District of California.

## JURISDICTION AND VENUE

15. Federal subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1331 because this is a civil action arising under 18 U.S.C. § 2255.

16. Venue is proper pursuant to 28 U.S.C. §§ 1391(b)(1) and (2) because (i) this is a civil action brought in the judicial district where, on information and belief, the Defendant resided at the time of the offenses alleged herein and (ii) a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in this judicial district.

## FACTS

**The Defendant Was Convicted of Possession of Child Pornography in Violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2).**

17. Defendant was charged in the United States District Court, Central District of California, in the matter denominated United States v. Rettenmaier [CDCA] Case No. 23-cr-00068, with three counts of the crime of Possession of Child Pornography in violation of 18 USC §§ 2252A(a)(5)(B) and (b)(2). These crimes were alleged to have been committed on or about and between June 7, 2020 and July 22, 2020.

18. On February 19, 2025, Defendant pleaded guilty to Possession of Child Pornography as charged and was sentenced with a judgment entered against him on August 21, 2025.

3

19. The Court, in its judgment entered on August 21, 2025, ordered Defendant to pay restitution.

**Plaintiffs are Victims of Defendant's Crime of Possession of Child Pornography.**

20. Plaintiffs have each elected to receive notices via the United States Department of Justice Victims Notification System (VNS) which alerts them when they are potential victims in investigations by federal law enforcement agencies.

21. On information and belief, analysts at the National Center for Missing and Exploited Children (NCMEC) matched child pornography images on the Defendant's computer to child pornography images of Plaintiffs in NCMEC's database and notified the government of its findings in a CVIP report.

22. On May 30, 2023, Plaintiffs first received notice from VNS that their child pornography images were among those possessed by Defendant in violation of federal child pornography law.

### CLAIM FOR RELIEF

**Civil Remedy under 18 U.S.C. § 2255(a).**

23. The Plaintiffs repeat and re–allege all prior paragraphs.

24. 18 U.S.C. § 2255, entitled "Civil Remedy for Personal Injuries," provides that any person who, while a minor, is a victim of a violation of 18 U.S.C. § 2252 or § 2252A and who suffers personal injury as a result of such violation shall recover the actual damages such person sustains or liquidated damages in the amount of $150,000,

and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred.

25. The Defendant pleaded guilty to the predicate federal child pornography crime found at 18 U.S.C. § 2252A(a)(5)(B).

26. 18 U.S.C. § 2252A(a)(5)(B) provides that any person commits a federal crime who:

> knowingly possesses, or knowingly accesses with intent to view, any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

27. Each Plaintiff is a victim of Defendant's violations of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2).

28. The Plaintiffs each elect liquidated damages in the amount of $150,000 and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred, prejudgment and post-judgment interest.

29. The Plaintiffs are not seeking "actual damages" under 18 U.S.C. § 2255.

## RELIEF REQUESTED

WHEREFORE, the Plaintiffs each request judgment against the Defendant as follows:

1. Liquidated damages in the amount of $150,000 each pursuant to 18 U.S.C. § 2255(a);

2. Reasonable attorney's fees pursuant to 18 U.S.C. § 2255(a);

3. Litigation costs pursuant to 18 U.S.C. § 2255(a); and,

4. Pre-judgment and post-judgment interest.

## DEMAND FOR A JURY TRIAL

Plaintiffs demand a trial by jury.

Dated this 15th day of October, 2025.

                                TRIAL LAWYERS FOR JUSTICE

                                  */s/ John A. Kawai*
                         By: _____
                                John A. Kawai
                                Attorneys for Plaintiffs